UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER, et. al.,

    Plaintiffs,                                Civil Action No. 2:13-13056

v.                                            HONORABLE SEAN F. COX
                                                  UNITED STATES DISTRICT COURT

BARB BYNUM,

    Defendant(s),
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

        This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiffs William Sim Spencer and Desiderio Sanchez are Michigan prisoners confined at the Cooper Street Correctional Facility in Jackson, Michigan. The plaintiffs seek to file a joint civil rights complaint. The Court has reviewed the complaint and dismisses it without prejudice to the plaintiffs filing individual complaints.

**I.  Background**

        Plaintiffs seek to challenge the facial constitutionality of M.C.L.A. 600.2963, Michigan's statute which requires prisoners to file an initial partial filing fee when filing a civil action in state court and which precludes a prisoner from filing a new civil action or appeal until he or she has paid any outstanding fees or costs due and owing in previous civil actions. Plaintiffs claim that they have been denied the right to file lawsuits in the Ingham County Circuit Court because of their inability to comply with the provisions of M.C.L.A. 600.2963. Plaintiffs sue Barb Bynum, the Clerk of the Ingham County Circuit Court, as well as "All Other Michigan State and County Employees Charged With the Administration of MCL § 600.2963," although they have not specifically named any of

1

these individuals in the complaint. Plaintiffs seek injunctive and declaratory relief as well as monetary damages.

## II. Discussion

The Court dismisses the complaint without prejudice for several reasons.

As an initial matter, the Court notes that Plaintiff Spencer did not file an application to proceed *in forma pauperis*, nor did he pay any portion of the $ 350.00 filing fee.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has suggested that fees and costs be divided equally between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F. 3d at 1137-38. [1]

---

[1] Although the courts of this district have relied on the administrative order in *In Re Prison Litigation Reform Act* for the proposition that the filing fee should be apportioned between multiple prisoner plaintiffs, *See e.g. Williams v. Lafler*, No. 08-13821, 2009 WL 87004, at *1 (E.D. Mich. Jan.12, 2009); *Coleman v. Granholm*, No. 06-12485, 2007 WL 1011662, at *2 (E.D.Mich. Mar. 29, 2007), other district courts within the Sixth Circuit have concluded that since the Sixth Circuit's administrative order in that case "did not consider the impact of Fed.R.Civ.P. 20 on implementation of the PLRA [or the fact that] the PLRA was designed to make prisoners feel the deterrent effect of the filing fee ... [courts should conclude that] each separate plaintiff is individually responsible for a full filing fee...." *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at *6 (E.D. Ky. May 5, 2005); *Lawson v. Sizemore*, No. A.05-CV-108-KKC, 2005 WL 1514310, at *1 n. 1 (E.D. Ky. June 24, 2005). Other circuits have likewise held that each prisoner in a multiple prisoner plaintiff action is required to pay the entire filing fee rather than have the fee apportioned among the different prisoners. *See e.g. Hagan v. Rogers*, 570 F.3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). None of the cases have suggested that one plaintiff in a multiple prisoner case could agree to be responsible for paying the entire filing fee, as Plaintiff Sanchez has attempted to do here.

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the full fee, and order the case dismissed for failure to prosecute. *Id.*

The complaint is deficient because Plaintiff Spencer did not file an application to proceed *in forma pauperis* or the required supporting documentation.

A second problem with the complaint is that Spencer may not even be eligible to proceed *in forma pauperis*; at least four prior civil actions filed by him were dismissed as frivolous, malicious, or because they failed to state a claim upon which relief could be granted. *See Spencer v. Caruso,* No. 05-cv-70098 (E.D. Mich. March 30, 2005)(Duggan, J.); *Spencer v. Wiggins,* No. 04-cv-73483 (E.D. Mich. March 8, 2005)(Borman, J.); *Spencer v. United States Department of State,* No. 04-cv-557 (W.D. Mich. September 8, 2004); *Spencer v. Granholm,* No. 04-cv-72 (W.D. Mich. June 3, 2004). Also, one court has subsequently denied him permission to proceed *in forma pauperis* because of these prior dismissals. *Spencer v. Rice,* No. 06-cv-12594 (E.D. Mich. June 20, 2006)(Roberts, J.).

Under the PLRA, a federal court may dismiss a case if, on 3 or more earlier occasions, a federal court dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*,

3

175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). Such a prisoner can only proceed if he is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. Plaintiff Spencer fails to allege facts which establish that he is in imminent danger of serious physical injury; thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g). *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002).

An additional problem with the complaint is that it appears that the plaintiffs seek to file a class action suit in this case. The Court will deny any such request by the plaintiffs to file a class action because none of these plaintiffs can adequately protect the interests of the class. Numerous cases have held that a prisoner proceeding *pro se* is inadequate to represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso*, 351 Fed. Appx. 1, 15 (6th Cir. 2009); *Palasty v. Hawk,* 15 Fed. Appx. 197, 200 (6th Cir. 2001); *Craig v. Cohn,* 80 F. Supp. 2d 944, 956 (N.D. Ind. 2000); *Caputo v. Fauver,* 800 F. Supp. 168, 169 (D.N.J. 1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988).

One additional problem with the complaint is that the plaintiffs have failed to name the additional defendants that they wish to sue nor have they provided sufficient copies of the complaint for service upon these defendants. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the

district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Compounding the problem is that the plaintiffs have failed to provide the Court with the addresses of these additional defendants that they wish to sue. In a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service on these defendants. *See e.g. Fitts v. Sicker,* 232 Fed. Appx. 436, 443 (6th Cir. 2007). There is no obligation for a district court "to actively seek out the address of a defendant so that service can be effectuated" upon him or her. *Id.* at 444.

If any of the plaintiffs had filed an individual complaint with the above mentioned deficiencies, this Court would issue an order for that plaintiff to correct the deficiencies within a certain period of time. If the plaintiff corrected the deficiencies, the case would proceed. If the plaintiff did not correct the deficiencies, the complaint would be dismissed. The difficulty in this case concerns when, where, how, and by whom these various deficiencies would or should be corrected. Also of concern to the Court is the potential prejudice to either plaintiff if there were delays by the co-plaintiff in correcting the deficiencies.

All of this points to a final problem with the complaint, namely, whether this Court should allow different prisoners to file a joint complaint. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Fed.R.Civ.P.

20(a)(1), in fact, indicates: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Notwithstanding Fed. R. Civ. P. 20(a)(1), there are significant practical problems with allowing several prisoners to file a joint complaint. As another judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate,* 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)(Borman, J.)(citing *Boretsky v. Corzine,* No. 2008 WL 2512916, * 5 (D.N.J. June 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (*quoting Boretsky,* at * 5). Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Proctor,* 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id.* An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (*quoting Boretsky*, at *5); *See also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D.Tenn. May 3, 2007)("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other district

6

courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor,* 661 F. Supp. 2d at 780 (*quoting Boretsky*, at *6)(additional citations omitted). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (*quoting Boretsky*, at *6).

The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed.R.Civ.P. 21)(additional citations omitted). However, in light of the many deficiencies in this case, the fact that the lead plaintiff may be barred from proceeding *in forma pauperis* because of his prior frivolity dismissals, and the fact that the plaintiffs appear to be attempting to file a class action on behalf of other plaintiffs, this Court believes that the best course of action would be to dismiss the complaint without prejudice to the individual plaintiffs filing complaints on their own behalf.

### III. ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' "Civil Action 42 U.S.C. § 1983" is **DISMISSED WITHOUT PREJUDICE** to the plaintiffs each filing individual complaints on their own behalf.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction is **DENIED**.

Dated:  August 8, 2013         S/ Sean F. Cox
                               Sean F. Cox
                               U. S. District Court Judge

I hereby certify that on August 8, 2013, the foregoing document was served upon counsel of record

by electronic means and upon William Sim Spencer and Desiderio Sanchez by First Class Mail at the addresses below:

William Spencer #384851
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201

Desiderio Sanchez #670512
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI 49201

Dated:  August 8, 2013                          S/ J. McCoy
                                                Case Manager